UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES BERNARD ROBINSON, JR.,

           Plaintiff,

vs.                                       Case No. 2:08-cv-200-FtM-36SPC

SECRETARY, DOC, A. JOHNSON, Warden,
OFFICER GUARINO, OFFICER KOZLOWSKI,
OFFICER WARNOCK, and MS. MCLAUGHLIN,
Inspector,

           Defendants.
_____/

## **OPINION AND ORDER**

I.

This matter comes before the Court upon review of the Defendants' Motion to Dismiss or in the Alternative a Motion for Summary Judgment (Doc. #73, Motion) filed on behalf of the Secretary of the Department of Corrections, Warden Johnson, Officer Guarino, Officer Warnock, and Inspector McLaughlin. Supporting their Motion, Defendants submit affidavits from Officer Anthony Guarino (Doc. #73-2, Aff. Guarino), Officer Dustin Warnock (Doc. #73-3, Aff. Warnock), Sergeant Piscotta (Doc. #73-4, Aff. Pisciotta), Officer Andrew Ciofani (Doc. #73-5, Aff. Ciofani), Sergeant Frank Gatto (Doc. #73-7, Aff. Gatto), Inspector Janene McLaughlin (Doc. #73-8, Aff. Inspector McLaughlin), and Doctor Frank Johanson (Doc. #73-9, Aff. Dr. Johanson). Defendants also submit relevant portions of Plaintiff's medical records. *See* Pl's Medical Records at Doc. #73-10, Exh. J-J17. Plaintiff filed a

Response (Doc. #102, Response) in opposition to the Defendants' Motion, maintaining that Defendants violated his federal rights. *See Response*. This matter is ripe for review.

II.

Charles Bernard Robinson, a *pro se* plaintiff, initiated this action by filing a Civil Rights Complaint Form (Doc. #1, Complaint) on March 10, 2008, as a prisoner in the custody of the Florida Department of Corrections. Plaintiff then filed an Amended Civil Rights Complaint (Doc. #48, Amended Complaint) on January 12, 2009, alleging that his Eighth Amendment rights were violated on September 5, 2007, when Defendants Guarino and Warnock unjustifiably used excessive force on him. Complaint at 10.[1] Plaintiff attributes liability on Inspector McLaughlin for poorly investigating his use of force claim raised at the institutional level. *Id.* Plaintiff attributes liability on Defendant McNeil, the Secretary of the Department of Corrections, based on his position as the Secretary. Plaintiff also attributes liability on Secretary McNeil and on Defendant Johnson, the Warden of Charlotte

---

[1]On March 25, 2010, the Court dismissed the additional Defendants Sharp, Bottomly, and Hemphill, who were name in the Amended Complaint. *See Order* at Doc. #148. Additionally, the "Statement of Facts" section of Plaintiff's Amended Complaint refers to the initial Complaint. Ordinarily, the Amended Complaint supercedes the Complaint and becomes the operative pleading. Additionally, Local Rule 4.01(a) requires that an Amended Complaint incorporate all amendments therein. Thus, the Amended Complaint should not reference any part of the initial Complaint. Nonetheless, due to Plaintiff's *pro se* status, the Court will consider the "Statement of Facts," set forth in the original Complaint, as though set forth at length in the Amended Complaint.

Correctional, based on their "final policy making authority." Response at 11. Plaintiff further claims that after the incident, Defendant Johnson did not move him from Officer Kozlowski's supervision despite Plaintiff's requests. *Id.* Plaintiff pursues the claims against the Defendants in their official and individual capacities.[2] *Id.* at 11. As relief, Plaintiff requests a declaratory judgment, state and federal indictments issued as to each Defendant, $50,000 in damages for Plaintiff's physical and emotional injuries, $100,000 in damages against each Defendant for Plaintiff's physical injuries, an injunction requiring placement of cameras at every angle, with no blind spots in special management and medical units at Charlotte Correctional, compensation for the medical expenses Plaintiff incurred as a result of the attack, and attorneys fees and costs. Amended Complaint at 11-12.

### III.

Defendants Secretary McNeil, Inspector McLaughlin, and Warden Johnson move to dismiss the action based on its failure to state a

---

[2]In his Amended Complaint, Plaintiff states that he is pursuing claims against the Defendants in both their individual and official capacities. Contrarily, in Plaintiff's Response to Defendants' Motion, he states that he is pursuing the claims against the Defendants in *only* their individual capacities. Response at 9-10. But, later in his Response, Plaintiff aserts that Warden Johnson and Secretary McNeil have "policy making authority." *Id.* at 11. Thus, the Court will address the Complaint as if Plaintiff was pursuing the claims against Defendants McNeil and Johnson in both their official and individual capacities.

claim.³  Motion at 7-8.  In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Dura Pharms., Inc. v. Broudo*, 125 S. Ct. 1627, 1634 (2005).  However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560-61 (2007)(citations omitted) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957) and stating that *Conley* did not set forth the minimum standard governing a complaint's survival under a motion to dismiss, rather the case "described the breadth of opportunity to prove what an adequate complaint claims").  With respect to § 1983 cases that involve individuals entitled to assert qualified immunity, the Eleventh Circuit imposes "heightened pleading requirements."  *Swann v. Southern Health Partners, Inc.*, 388 F.3d

---

³*Inter alia*, Defendants also submit that Plaintiff has not exhausted his administrative remedies as to his claims against Defendants Secretary McNeil, Warden Johnson, and McLaughlin. Motion at 6-7.  The Court is unpersuaded by the Defendants' exhaustion argument.  Defendants do not contend that Plaintiff failed to exhaust his excessive use of force claim, and, as such, the Court addresses the Complaint on the merits.

834 (11th Cir. 2004)(citing *Leatherman v. Tarrant County*, 507 U.S. 163 (1993)). The heightened pleading standard is not otherwise applicable. The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Brown v. Crawford County, Ga.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. *Marsh*, 268 F.3d at 1036 n.16.

In this action Plaintiff attributes liability on Inspector McLaughlin for "poorly investigating" his use of force incident and for not referring his claims for criminal prosecution. Complaint at 10. Defendant McLaughlin argues that this claim is subject to dismissal because the decision whether to file criminal charges does not give rise to liability under § 1983. Motion at 7. The Court agrees with Defendant McLaughlin and cannot conceive of any constitutional violations or violations of federal law that arise from Plaintiff's allegations. Although Plaintiff is not satisfied with the outcome of Inspector McLaughlin's investigation that was initiated upon the filing of his inmate grievance, Plaintiff does

not have a constitutional right to an inmate grievance procedure. *See Baker v. Rexroad*, 159 Fed. Appx. 61 (11th Cir. 2005)(finding that inmates neither have a liberty interest in an investigation based upon their inmate grievance, nor a liberty interest in the inmate grievance system). Further, to the extent Plaintiff predicates his claim on Defendant McLaughlin's failure to initiate criminal charges against the Defendants, it is unclear whether Defendant McLaughlin, as an Inspector for the Department of Corrections, was in a position of authority to recommend criminal prosecution of the alleged perpetrators. In this case, after Inspector McLaughlin's investigation concluded, she apparently determined that Plaintiff's excessive use of force allegations were unsubstantiated. Complaint at 10; Doc. #1-1 at 5. Even prosecutors, who are in the position of authority to initiate criminal proceedings, are immune from liability under § 1983 when deciding whether to criminally prosecute an action. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009). Thus, the Court grants Inspector McLaughlin's motion to dismiss and this action is dismissed as to McLaughlin.

Plaintiff attributes liability on Defendant McNeil, the Secretary of the Department of Corrections, based on his position as the Secretary. Plaintiff also attributes liability on Secretary McNeil and Defendant Johnson, the Warden of Charlotte Correctional, based on their "final policy making authority." Response at 11.

However, the United States Supreme Court has soundly rejected the possibility of *respondeat superior* as a basis of liability in § 1983 actions. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 659, 690-692 (1978).

As previously mentioned, Plaintiff states in his Response that he only sues the Defendants in their individual capacities. Response at 11. Nonetheless, to the extent Plaintiff attempts to allege a claim against Defendants McNeil and Johnson based on their "final policy making authority," the Court addresses the claim against Secretary McNeil and Warden Johnson in their official capacities, as well as individual capacities. An official capacity claim against Defendants McNeil and Johnson is the same as a claim against the entity that official represents, in this case the Florida Department of Corrections. *See Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985)(citations omitted); *Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999)(*per curiam*). To the extent Plaintiff seeks to impose liability on the Department of Corrections by naming the Warden and Secretary in their official capacities, the Complaint must allege that the Department of Corrections was the "moving force" behind the constitutional deprivation. *Graham*, 473 U.S. at 166. Specifically, the Florida Department of Corrections' "'policy or custom' must have played a part in the violation of the federal law." *Id.* at 166. Plaintiff does not identify any Department policy or custom that was a factor

or contributed to his claim. *See* Complaint. Thus, Plaintiff's official capacity claim fails to state a claim.

To the extent Plaintiff attempts to attribute liability on Defendants McNeil and Johnson in their individual capacities as supervisors based on their "final policy making authority," Plaintiff does not allege that Defendants promulgated any written policies that resulted in deliberate indifference to Plaintiff's rights. Nor does Plaintiff allege that a history of widespread abuse put the supervisors on notice of a need to correct the alleged deprivation and they failed to do so. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)(quoting *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003)).

Plaintiff further claims that Defendant Johnson did not move him from Officer Kozlowski's supervision despite Plaintiff's requests after the incident. Complaint at 10. For the reasons *infra*, the Court does not find Warden Johnson liable for failure to move Plaintiff after the incident. *See Mann v. Taser Int't Inc.*, 588 F.3d 1291, 1308 (11th Cir. 2009)(finding claims based on the theory of supervisory liability fail if underlying section 1983 claim fails). Thus, the Court grants the motion to dismiss as to Secretary McNeil and Warden Johnson in their official and individual capacities.

IV.

Defendants Warnock and Guarino argue, *inter alia*, that they are entitled to summary judgment because Plaintiff has not shown any wrongdoing by the Defendants, all of whom used only the amount of force necessary to restrain Plaintiff's aggressive actions. Motion at 9. "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of fact and compels judgment as a matter of law." *Swisher International, Inc. v. Schafer*, 550 F. 3d 1046, 1050 (11th Cir. 2008); Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). The standard for creating a genuine dispute of fact requires courts to "make all *reasonable* inferences in favor of the party opposing summary judgment, *Chapman v. Al Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000)(en banc) (emphasis added), not to make all *possible* inferences in the non-moving party's favor. Further, "allegations in affidavits must be based on personal knowledge, and

not be based, even in part, 'upon information and belief.'" *Pittman v. Tucker*, 213 Fed. Appx. 867, 870 (11th Cir. 2007)(quoting *Pace v. Capobianco*, 283 F.3d 1275, 1278 (11th Cir. 2002)). Rule 56(e) provides that an affidavit submitted in conjunction with a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion "bears the burden of persuasion" and must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, and "set forth specific facts showing that there is a genuine issue for trial." *Beard v. Banks*, 548 U.S. 521, 529 (2006)(citations omitted); *Celotex*, 477 U.S. at 322; *Hilburn v. Murata Electronics North America, Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999). If there is a conflict in the evidence, the non-moving party's evidence is to be believed and "all justifiable inferences" must be drawn in favor of the non-moving party. *Beard*, 548 U.S. at 529 (citations omitted); *Shotz v. City of Plantation, Fl.*, 344 F.3d 1161, 1164 (11th Cir. 2003). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling

on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The court "must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, [the court's] inferences must accord deference to the views of prison authorities." *Beard*, 548 U.S. at 530. "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" *Cuesta v. School Bd. of Miami-Dade County*, 285 F.3d 962, 970 (11th Cir. 2002) (citations omitted). Nor are conclusory allegations based on subjective beliefs sufficient to create a genuine issue of material fact. *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000); *see also Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997)(stating that plaintiff's "conclusory assertions . . . in the absence of supporting evidence, are insufficient to withstand summary judgment"); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995)(finding that inmates failure to produce "nothing, beyond his own conclusory allegations" to demonstrate defendant's actions "motivated by retaliatory animus" warrants grant of summary judgment in favor of defendant). In the summary judgment context, the Court must construe *pro se* pleadings more liberally than those of a party represented by an attorney. *Loren v. Sasser*, 309 F.3d 1296, 1301 (11th Cir. 2002).

V.

It is undisputed that on September 5, 2007, while Officer Kozlowski was escorting Plaintiff from his cell, force was used on Plaintiff. *See generally* Complaint; Motion. Defendants submit affidavits from Sergeant Gatto and Defendant Inspector McLaughlin stating that during the escort, Plaintiff became resistive by stopping twice and yelling obscenities at Officer Kozlowski. Motion at 3; Aff. Gatto, Aff. McLaughlin. Plaintiff disputes Defendants' contentions that he became resistive during the escort and instead submits that Kozlowski was "pulling on [P]laintiff like a dog, . . . [so] [P]laintiff turned toward . . . Kozlowski and ask[ed] why was he . . . pulling on Plaintiff [sic] shirt." Response at 7.

It is undisputed that Kozlowski then used a knee strike to Plaintiff's torso area and placed him on the floor. Mot. SJ. at 3; Aff. Gatto, Aff. McLaughlin. A "body alarm" was issued in the quad, to which Officers Warnock, Guarino, and Pisciotti responded. Complaint at 10; Aff. Pisciotta, Aff. Warnock. It is undisputed that Officer Guarino held Plaintiff's legs to the floor. Mot SJ. at 3; Aff. Guarino. Officer Pisciotti held Plaintiff down on the ground by placing his hand on his upper back. Mot SJ. at 3; Aff. Piscotti. The parties do not dispute that Officer Warnock relieved the officer holding Plaintiff's legs. Defendants submit that Warnock crossed Plaintiff's legs and held his legs down with his

-12-

right knee and hand.  Plaintiff contends that Warnock "sat" on his legs and grabbed his left foot, bending his foot all the way back, almost causing it to break.  Motion at 3; Aff. Warnock; Complaint at 10.  The Defendants also dispute Plaintiff's claims that Kozlowski choked Plaintiff and poked his eyes with his fingers and submit that Plaintiff was never choked or poked.  Complaint at 9; Mot. SJ. at 3-4; Aff. Guarino, Aff. Warnock, Aff. Piscotti, Aff. Ciofani, Aff. Kord, Aff. Gatto, Aff. Inspector McLauglin.

The record shows that immediately after the use of force, Plaintiff was brought to the Medical Department for a medical evaluation.  Complaint at 10; Aff. Dr. Johanson.  As a result of the use of force incident, it is undisputed that Plaintiff had two scratches on his right wrist.  *Id.*  Two days after the use of force incident, Plaintiff went to the medical department complaining of pain in his ribs, elbow, and ankle.  *Id.*  Medical noted that there were no abnormalities, but Plaintiff submits that the Department of Corrections is "covering up" his injuries.  *Id.*; Response at 6.

VI.

Under the Eighth Amendment, it is the "unnecessary and wanton infliction of pain" caused by force used "maliciously and sadistically" for the very purpose of causing harm that constitutes cruel and unusual punishment. *Whitley v. Albers*, 475 U.S. 312, 322 (1986). Thus, where an Eighth Amendment claim is based upon allegations of excessive force, the core question is whether the

prison guard's "force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)(citing *Whitley*, 475 U.S. at 320-321(other citations omitted)); *Bozeman v. Orum*, 422 F.3d 1265, 1271 (11th Cir. 2005). To determine whether force was applied "maliciously and sadistically," courts consider the following factors: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999) (quotations and citations omitted).

When a prison's internal safety is of concern, courts conduct a more deferential review of the prison officials' actions. *Williams v. Burton*, 943 F.2d 1572, 1575 (11th Cir. 1991)(citations omitted). Indeed, "[t]hat deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches in prison discipline." *Whitley*, 475 U.S. at 322; *See also Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

VII.

The Court finds that Defendants Warnock and Guarino are entitled to the entry of summary judgment in their favor. Here, the record establishes that Defendants Warnock and Guarino, as responding officers, did not use excessive force.[4] The record shows that Plaintiff became resistive, stopping twice, during the escort from his cell by Officer Kozlowski. Aff. Inspector McLaughlin. At one point, Plaintiff made an "upper body movement" towards Officer Kozlowski. *Id.* at 1. Plaintiff submits no evidence to support his contentions that during the escort he merely turned around to ask Kozlowski to stop pulling on his shirt, despite Plaintiff's assertion that other inmates witnessed the incident. The record also belies Plaintiff's contentions that the Department of Corrections destroyed the only videotaped footage that showed Plaintiff was complying with Kozlowski's orders. Response at 14. Two video cameras and the hand held video recorded the use of force incident in this case. *See* Order at Doc. #142. Inspector McLaughlin attests that the Department of Corrections only keeps a copy of the video footage that records the use of force incident. *See Id.* A review of the video footage establishes that Kozlowski used a knee strike to force Plaintiff to the ground

---

[4] The United States Marshal recently executed service of process on Defendant Officer Kozlowski on April 8, 2010. Doc. #157. Officer Kozlowski is the officer who escorted Plaintiff at the time the use of force incident took place.

because of Plaintiff's resistive actions during escort. Aff. McLaughlin.

A body alarm was issued at the jail and the officers responded to help assist Officer Kozlowski in restraining Plaintiff, a 6'3 man, who at the time weighed 188 pounds. Motion at 3. Responding officers, including Defendants Warnock and Guarino, as well as Officer Ciofani, who is not a Defendant, attest that while Plaintiff was on the ground, he continued to resist the officers' orders and yelled profanities in response. Aff. Warnock, Aff. Guarino, Aff. Ciofani. Based on Plaintiff's continued resistance, the other officers assisted Kozlowski to restrain Plaintiff. While Plaintiff claims he did not resist the officers, and the Court is to make all *reasonable* inferences in favor of the non-moving party, the Court nonetheless finds it is unreasonable to infer that multiple officers would be necessary to restrain an inmate who was complying with an officer's orders and not being combative. Indeed, the record shows that Defendant Guarino held Plaintiff's legs down while Officer Piscotti held Plaintiff's back down. Thus, two officers were necessary to restrain Plaintiff on the ground. A third officer, Defendant Warnock relieved Defendant Guarino and took control of Plaintiff's legs by crossing one of Plaintiff's legs over his other leg. The record, including Plaintiff's own medical complaints made immediately following the use of force incident, belie Plaintiff's contentions that Defendant Warnock

injured Plaintiff's foot or leg.  Immediately proceeding the use of force incident, Plaintiff told the medical department that "[t]he officer [Kozlowski] kicked me in the chest."  Exh. J.  Plaintiff did not complain about his foot or any other injuries as a result of the force used by any of the other officers immediately following the incident.  *Id.*

The record shows that two days after the use of force incident, Plaintiff complained that his ribs ached and his left elbow and left ankle hurt.  Exh. J2.  Giving Plaintiff the benefit as the non-moving party that these medical complaints stemmed from the use of force incident, the Court also finds that the extent of Plaintiff's injuries were *de minimus* and further evidences that excessive force was not used.  The injuries Plaintiff claims to have sustained indicate that the amount of force used was only the amount necessary to gain control of Plaintiff.  *See Wilkins v. Gaddy*, 130 S.Ct. 1175 (2010)(affirming *Hudson* and stating that the extent of the injury may provide some indication as to the amount of force applied); *see also Red v. Conway*, 160 Fed. Appx. 858, 861 (11th Cir. 2005)(affirming district court's order granting summary judgment to defendants on an excessive use of force claim when evidence showed that the officers used only the amount of force necessary to restrain the resistive inmate and the injuries the inmate sustained were minor, including a twisted ankle and an abrasion on his cheek).  Based on the record, the Court finds

Defendants Warnock and Guarino's actions were not unreasonable, but instead were done in a good-faith effort to restore order.

VIII.

Plaintiff lists the State law claims of "assault and battery" against Defendants Guarino and Warnock under his "Statement of Claim" section on his Complaint. Amended Complaint at 9; *see also* Doc. #48-2 at 3 (stating "the actions of defendants c/o Kozlowski, Warnock, and Guarino in using physical force against plaintiff without need or provocation constituted "Torts" of assault, and battery under 944.35, 768.28, Fla. Statutes.")(emphasis in original).

Defendants Guarino and Warnock argue, *inter alia*, that the Court should decline to exercise jurisdiction over Plaintiff's State law claims of assault, battery, and negligence. Motion at 17-18. Alternatively, Guarino and Warnock submit that the Florida Statute § 768.28(9)(a) provides immunity from the individual capacity claims, unless the officers acted in bad faith, with malicious purpose, or with wilful and wanton disregard. Defendants submit that the allegations in this action are merely boiler plate and fail to state a claim. *Id.* at 17.

Pursuant to 28 U.S.C. § 1367(a), the Court may exercise supplemental jurisdiction over state law claims related to a federal court action. A district court has the discretion to

decline to exercise supplemental jurisdiction over the state law claims when:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. 1367(c). "Among the facts a district court should consider in exercising its discretion are judicial economy, convenience, fairness, and comity. [] Both comity and economy are served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, (11th Cir. 2002)(citing *Badgett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997)). However, the federal court should decline to exercise jurisdiction over state law claims where all federal claims are dismissed prior to trial. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966)

Here, the Court has dismissed the federal claims against Defendants Guarino and Warnock by granting their motion for summary judgment. Thus, the only remaining claims against Guarino and Warnock are Plaintiff's claims of assault and battery under Florida law, for which the Court declines to exercise supplemental jurisdiction. The Court also finds that comity and economy would

be better served by the state court's handling of State law matters.  Therefore, Plaintiff's State law claims against Defendant Guarino and Warnock are dismissed without prejudice.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Motion to Dismiss filed on behalf of Defendants McNeil, McLaughlin, and Johnson is **GRANTED** and this case is **DISMISSED.**

2. The Motion for Summary Judgment filed on behalf of Defendants Guarino and Warnock is **GRANTED** and this case is **DISMISSED** with prejudice.  The State law claims against Defendant Guarino and Warnock are **DISMISSED** without prejudice.

3. The Clerk of Court shall enter judgment accordingly and correct the caption of the case.

**DONE AND ORDERED** in Fort Myers, Florida, on this 15th day of June, 2010.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

SA: alj
Copies: All Parties of Record